IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:11-cv-1431 |
| v. | ) |
| | ) Chief Judge Gary L. Lancaster |
| PITTSBURGH BOARD OF EDUCATION, *et al.*, | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| | ) ECF No. 24 |
| Defendants. | ) |
| | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Paul Lalley, Esquire (ECF No. 24) be granted with prejudice.

## II. REPORT

This civil rights action arises out of grievance and arbitration proceedings held with regard to Plaintiff's termination as a police officer for the Pittsburgh School District. Plaintiff, Gerald Singleton, who is proceeding in this matter *pro se,* appears to be raising a due process violation under the 14th Amendment with regard to the manner in which his *Loudermill* hearing and subsequent arbitration were handled, as well as a conspiracy to deprive him of his due process rights. As relief, Plaintiff asks this Court to overturn the arbitrator's ruling and to order his reinstatement as well as back pay and other damages.

The Defendants in this action consist of the Pittsburgh Board of Education ("Board") for the Pittsburgh School District, the Pittsburgh Federation of Teachers ("PFT" or "Union"), the

attorney for the PFT, John Bacharach, Esquire, the then-president of the PFT, John Tarka, Plaintiff's union representative, William Heilman, the arbitrator, Michelle Miller-Kotula,[1] several co-workers/police officers: Dante Borgini, Latisha Cassidy McClelland, Kenneth Scott, and Margaret Seig, his immediate supervisor and School Safety Chief, Robert Fadzen, the Human Resources Director for the District, Jody Spolar, and the attorney representing the Board at the proceedings, Paul Lalley, Esquire. All of the Defendants have moved to dismiss this action in five separate motions which are presently before the Court for disposition.

This report and recommendation addresses the motion to dismiss (ECF No. 24) filed by Defendant Paul Lalley, Esquire ("Attorney Lalley"). For the reasons set forth below, the Court recommends that Attorney Lalley's motion to dismiss be granted with prejudice.

A.      **Relevant Facts & Procedural History**

The relevant facts and procedural history have been set forth at length in this Court's Report and Recommendation dated August 13, 2012 regarding Defendant Miller-Kotula's motion to dismiss and will not be reiterated here. *See* ECF No. 64 at 2-7. Only those factual allegations pertaining to the claims against Attorney Lalley are presented below.[2]

Plaintiff alleges that Attorney Lalley attended the *Loudermill* hearing[3] that was held on February 26, 2010. (Compl. at ¶8, ECF No. 1.) The next mention of Attorney Lalley appears in paragraph 12 of the Complaint, where Singleton alleges that the arbitrator, Miller-Kotula, is a "friend and associated with the law firm of Paul Lalley." (Compl. at ¶12.) Later on in paragraph

---

[1] Defendant Miller-Kotula filed a separate motion to dismiss (ECF No. 29) which this Court has recommended be granted with prejudice. *See* Report and Recommendation dated 8/13/12, ECF No. 64.
[2] For purposes of the motion to dismiss, the Court must accept all well-pleaded facts in the Complaint as true.
[3] A *Loudermill* hearing refers to the Supreme Court's decision in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), in which the court held that in the context of a constitutionally protected property interest in continued employment, due process requires "some kind of a hearing" prior to the employee's discharge. *Id.* at 542 (citing *Bd. of Regents of State Coll. v. Roth,* 408 U.S. 564, 569-70 (1972)).

12, Singleton alleges that Attorney Lalley, along with Fadzen, Attorney Bacharach, Heilman, Miller-Kotula, and the three school police officers, "conspired . . . to terminate [him] without cause through conspiracy and a fraudulent arbitration process." (*Id.*)

In Part IV of his Complaint, Plaintiff identifies three causes of action in Sections A, B and C (hereinafter referred to as "Count A," "Count B," and "Count C"); however, only Count B has any relevance to the claims asserted against Attorney Lalley.[4] In Count B which is entitled, "The Defendants improper grievance procedures gives evidence Defendant's reason for discharge was a pretext for an improper purpose," Singleton alleges that Attorney Lalley participated in arbitration proceedings on August 16, 2010 and/or September 1, 2010[5] to intentionally present false statements against him. (Compl. at ¶15.) Plaintiff further alleges, after setting forth the two options for proceeding in arbitration under the collective bargaining agreement ("CBA"), that "Defendants chose to conspire by utilizing a person who is not associated with [the American Arbitration Association], but a friend or associate of Paul Lalley or the Law firm of Paul Lally where the arbitration proceedings took place." (Compl. at ¶16.)

Plaintiff commenced the instant lawsuit on November 9, 2011 in response to which Attorney Lalley filed a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on January 26, 2012. Plaintiff filed a response and brief in opposition to said motion on July 23, 2012. This motion has been fully briefed and thus is ripe for

---

[4] Count A is entitled, "The Plaintiff's termination was without Cause since Plaintiff did not commit the acts given as the reason for discharge." (Compl., Part IV, Count A, ECF No. 1 at 8.) This count appears to be directed at the Board and other Pittsburgh School District employees with regard to the reason given for his termination. Plaintiff contends that he did not violate 18 Pa. Cons. Stat. §912, nor was he charged with a crime. (Compl. at ¶14.) Accordingly, Attorney Lalley does not appear to be implicated in Count A. Similarly, in Count C entitled, "The Arbitrator's decision fails to draw its essence from the party's collective bargaining agreement imposing her own brand of justice" (Compl., Part IV, Count C, ECF No. 1 at 11), Singleton challenges the propriety of the arbitration process conducted before the arbitrator, Miller-Kotula. Nowhere in Count C does Singleton mention Attorney Lalley.

[5] Plaintiff states in his Complaint that the dates of the arbitration were August 16, *2011*, and September 1,

disposition.

B. <u>**Legal Standard – Motion to Dismiss**</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes

---

2011. This appears to be an inadvertent typographical error.

4

> that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler,* 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id*. at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently

5

alleges deprivation of any right secured by the Constitution.") (citing *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d Cir. 1993)).

### C. Discussion

Attorney Lalley seeks dismissal of the claims against him with prejudice and advances several arguments in support thereof. First, Attorney Lalley submits that the claims against him fail because Singleton has failed to allege any conduct on his part that violated either Singleton's right to due process and/or equal protection under the Fourteenth Amendment. In addition, Lalley argues that Singleton has failed to establish that he is a state actor. Finally, Lalley submits that as to Singleton's claim for violation of his due process, it is clear from the Complaint that Singleton was afforded all the due process to which he was entitled. The Court will address each of these arguments in turn.

#### 1. Section 1983 Liability

Initially, Attorney Lalley argues that Singleton has failed to state a claim upon which relief can be granted under Section 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under §1983, Plaintiff must demonstrate both that Attorney Lalley was acting under color of state law and that a constitutional violation was directly caused by Attorney Lalley's conduct. *Piecknick v. Commonw. of Pa.*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Where a plaintiff in a Section 1983 claim alleges a procedural due process violation, his claim is predicated upon the denial of a constitutionally protected property

6

or liberty interest. *Id.* at 1256 (citing U.S. Const. amend. XIV, §1; *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976); *Carter v. City of Phila.,* 989 F.2d 117, 119-20 (3d Cir. 1993)). Here, Attorney Lalley maintains that because the Complaint fails to allege any conduct on his part that violated Plaintiff's constitutional rights or any facts to establish that he is a state actor, the Complaint against him should be dismissed.

          **a.     Attorney Lalley's Conduct**

As noted above, the *factual* allegations specifically referring to Attorney Lalley are sparse, and consist of the allegation that Attorney Lalley attended the *Loudermill* hearing on February 26, 2010 on behalf of Defendant Fadzen (Compl. ¶8), and that Attorney Lalley participated in the arbitration proceedings on August 16, 2010 and September 1, 2010 (*id.* at ¶15).[6] These allegations describe conduct that occurred within the scope of Attorney Lalley's representation of his clients, the Board and Fadzen, and do not suggest or infer in any way that Plaintiff's constitutional rights were violated. Similarly, the allegation in paragraph 12 of the Complaint to the effect that the arbitrator is a "friend and associated with the Law firm of Paul Lalley," does not show or implicate any violation of Plaintiff's due process rights.

The only other allegations specifically referring to Attorney Lalley involve conclusory allegations of a conspiracy. (Compl. ¶¶12, 16.) However, a thread bare allegation of a conspiracy without sufficient factual matter to show that a conspiracy is facially plausible, i.e., pleading sufficient facts to show or infer that the requisite elements of a Section 1983 conspiracy can be met,[7] will not survive a motion to dismiss. Plaintiff alleges only the existence of a

---

[6] Plaintiff also alleges that at the arbitration proceedings, Attorney Lalley "intentionally presented false statements against him." This allegation contains conclusions not facts and therefore may be disregarded by the Court for purposes of deciding the motion to dismiss. *Fowler,* 578 F.3d at 210-11.

[7] A civil conspiracy under § 1983 is "'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an

7

"conspiracy" or "fraudulent arbitration process," without any supporting facts from which a plausible conspiracy claim or violation of his due process rights can be inferred. Accordingly, Plaintiff has failed to allege any conduct on the part of Attorney Lalley which would suggest that Attorney Lalley violated his constitutional rights.

### b. State Actor Requirement

The plaintiff bears the burden of establishing that the defendant is a state actor for purposes of Section 1983. *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1994) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)). A private attorney does not act under color of state law merely by representing a client. *See e.g. Henderson v. Fisher*, 631 F.2d 1115, 1119 (3d Cir. 1980) (noting that "[a]lthough states license lawyers to practice, and although lawyers are deemed "officers of the court," this is an insufficient basis for concluding that lawyers act under color of state law for the purposes of 42 U.S.C. §1983."); *Humphrey v. Ct. Com. Pl. of York Cnty., Pa*., 640 F. Supp. 1239, 1243 (M.D. Pa. 1986) ("a private attorney does not act under

---

agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'" *Adams v. Teamsters Local 115,* 214 F. App'x 167, 172 (3d Cir.2007) (quoting *Hampton v. Hanrahan,* 600 F.2d 600, 620-21 (7th Cir. 1979)). To state a conspiracy claim under § 1983, a plaintiff must show that persons acting under color of state law conspired to deprive him of a federally protected right. *See Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa 2000); *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.,* 172 F.3d 238, 254 (3d Cir.1999), *superseded by statute on other grounds as recognized by P.P. v. West Chester Area Sch. Dist.,* 585 F.3d 727 (3d Cir. 2009). "In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right." *Crist v. Phelps*, 810 F. Supp. 2d 703, 711 (D. Del. 2011) (citing *Williams v. Fedor,* 69 F.Supp.2d 649, 665–66 (M.D.Pa.), *aff'd,* 211 F.3d 1263 (3d Cir.2000) (citing *Kerr v. Lyford,* 171 F.3d 330, 340 (5th Cir.1999))). After *Twombly,* to survive a 12(b)(6) motion, the complaint must allege enough factual matter (taken as true) to suggest that a "combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events" was made. *Twombly,* 550 U.S. at 556; *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D.Pa.1999), citing *Hammond v. Creative Fin. Planning,* 800 F.Supp. 1244, 1248 (E.D.Pa. 1992)). *See also Loftus v. Southeastern Pa. Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements.")

color of state law while representing a client."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Therefore, to the extent Plaintiff is contending that Attorney Lalley is a state actor based merely on his position as an attorney representing the Board and Fadzen, Plaintiff's argument is unavailing. Nevertheless, private individuals are not immediately insulated from liability as the Supreme Court has found that "the acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors." *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 n.6 (1982); *Tower v. Glover,* 467 U.S. 914, 920 (1984) ("an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights.") (citing *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980)).

The question of whether a private party's actions implicate liability under section 1983 was addressed by the Supreme Court in *Lugar v. Edmonson Oil Co., Inc.,* 457 U.S. 922 (1982). In *Lugar*, the Supreme Court established a two prong test to determine whether and when a private party who invokes a state procedure acts under color of law for purposes of Section 1983:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . .. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*. at 937. Only the second prong of the *Lugar* test is implicated here, in particular, whether Lalley acted together with state officials.

In the case at bar, to the extent that Plaintiff may be relying on Attorney Lalley's alleged conspiracy with state actors to violate Plaintiff's due process rights to satisfy the state actor

9

requirement, said reliance is misplaced for several reasons. First, neither the Union nor its officers/agents, is a state actor. *Wiggins v. String,* 428 F. App'x 117, 118 (3d Cir. 2011) (citing *Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 323-24 (2d Cir. 2002) ("Labor unions . . . generally are not state actors"); *Jackson v. Temple Univ. of Commw. Sys. of Higher Educ.,* 721 F.2d 931, 933 (3d Cir. 1983) (affirming grant of summary judgment where plaintiff failed to set forth any facts suggesting that the state was responsible for the union or that the union was acting under color of state law in refusing to bring plaintiff's grievance to arbitration)). Plaintiff has not alleged any facts in his Complaint suggesting or inferring any actions on the part of the Union officials which could be attributed to the School District and/or its employees.

Likewise, the Arbitrator, Miller-Kotula, is not a state actor, as the Complaint does not allege facts suggesting that she is employed by a state agency or that she acted under color of state law. *See, e.g., Clay v. Nix,* Civ. A. No. 9:08-1371-MBS, 2008 WL 2607769, at *5 (D. S.C. July 1, 2008) (decision by arbitrator does not constitute an action under color of state law) (citing *Weinraub v. Glen Rauch Sec., Inc.,* 399 F.Supp. 2d 454, 463 (S.D.N.Y. 2005) (neither the NASD nor its dispute resolution subsidiary are state actors), *aff'd,* 180 F. App'x 233 (2d Cir. 2006)) (other citations omitted). In any event, this Court has already found that the arbitrator was entitled to immunity from civil liability for the actions and/or claims alleged against her in the Complaint. *See* Report & Recommendation dated August 13, 2012 at 14, ECF No. 64.

Second, the only state actors named in the Complaint and allegedly involved in a conspiracy with Attorney Lalley are the School Board, Fadzen, the Chief of Safety for the Pittsburgh School District, and School District police officers Borgini, McClelland, and Seig. Two of the state actors, the School Board and Fadzen, are Attorney Lalley's clients. Attorney Lalley argues that based on the court of appeals decision in *Hefferan v. Hunter,* 189 F.3d 405,

10

413 (3d Cir. 1999), a lawyer cannot act in a conspiracy with his clients to impose liability under the Civil Rights Act. The Court finds merit to this argument.

In *Hefferan,* the plaintiff, an SEC investigator, attempted to establish a conspiracy between the defendants—the target of an insider trading investigation and his attorney—under the Civil Rights conspiracy statutes, 42 U.S.C. §1985(1) & (2). The conduct of the defendants at issue in the alleged conspiracy involved the filing of a frivolous lawsuit against the investigator and statements made by the attorney to generate unfavorable publicity, in an attempt to intimidate the investigator and discredit him as a witness against his client. As such, the court of appeals concluded that although his conduct may have been unethical, the attorney was acting within the scope of his representation. 189 F.3d at 413. Accordingly, because the attorney and his client acted within the scope of the attorney-client relationship, the court of appeals held that they could not be considered conspirators. *Id.* at 407.[8] In reaching this conclusion, the court of appeals "emphasized that the policy reasons for applying the intracorporate conspiracy ban are 'even more compelling' in the attorney-client context than in the 'corporate field,' given that '[c]ounsels' conduct within the scope of representation is regulated and enforced by disciplinary bodies established by the courts.'" *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d Cir. 2003) (quoting *Hefferan,* 189 F.3d at 413). The court of appeals further

---

[8] This holding applies equally to civil rights actions under Section 1983. *See N'Jai v. Floyd,* 386 F. App'x 141, 144 (3d Cir. 2010) (holding attorneys representing school districts in former employee's civil rights and employment discrimination action were performing traditional functions as attorneys and thus were not liable under 42 U.S.C. §§1983, 1985, or 1986) (citing *Hefferan,* 189 F.2d at 413; *Angelico,* 184 F.3d at 277). *See also Evans v. Chichester Sch. Dist.,* 533 F.Supp. 2d 523, 529 (E.D.Pa. 2008) (holding that intracorporate conspiracy doctrine bans claims against attorneys based on conspiracies formed in the attorney-client context in this circuit) (citing *Hefferan* and *Gen. Refractories,Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d Cir. 2003)); *Lewis v. Montgomery Cnty.,* No. Civ. A. 01-3193, 2002 WL 32349408, at *1 (E.D.Pa. Apr. 8, 2002) (dismissing §1983 action against attorney and his law firm because they were not state actors and could not form a conspiracy when acting in the attorney-client context) (citing *Hefferan, supra*).

emphasized that a requirement of the conspiracy ban is that the attorney's advice or advocacy cannot be for the attorney's sole personal benefit:

> It is, of course, axiomatic that if the challenged conduct occurs outside the scope of representation, no reason for immunity exists and the attorney and the client, as individuals, could form a conspiracy. However, the mere fact that attorneys have "mixed motives," such as "enhancing" their reputation by aggressive representation, does not remove their conduct from the scope of the agency. *See Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir.1982).
>
> The challenged activity may violate the canons of ethics, but so long as it is within the scope of representation, it does not eliminate the exemption from a conspiracy charge under section 1985. "[S]imply because a lawyer's conduct may violate the rules of ethics does not mean that the conduct is actionable, in damages or for injunctive relief." *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 602 A.2d 1277, 1284 (1992). The offended third party has a remedy under state law through court imposed sanctions or reference to state disciplinary bodies.

*Id.* at 413 (internal citations omitted).

Like the attorney in *Hefferan,* here Attorney Lalley was acting for the benefit of his clients when he attended and participated in the *Loudermill* hearing and arbitration proceedings. The Complaint alleges that Attorney Lalley attended the *Loudermill* hearing representing Fadzen, who testified that his reason for recommending Plaintiff's termination was his possession of a weapon on school property. (Compl. ¶8.) As to what allegedly occurred at the arbitration proceedings, the Arbitrator's Decision indicates that Attorney Lalley examined and cross-examined witnesses, presented written evidence and argument, and submitted a post-hearing brief on behalf of his client, the Pittsburgh Board of Education. (Arb. Dec. at 1-2, Ex. D to Compl., ECF No. 1-5.) The Complaint is devoid of any allegations suggesting that Attorney Lalley acted solely for his own personal benefit at either the *Loudermill* hearing or the arbitration proceedings. Thus, Attorney Lalley was clearly acting for the benefit of his clients at these

hearings and not solely for his personal benefit. Because there can be no conspiracy between Attorney Lalley and his clients, the School Board and Fadzen, those defendants cannot provide the relationship necessary to confer state actor status on Attorney Lalley to impose liability under Section 1983.

In addition, the Complaint also names several police officers employed by the School District—Borgini, McClelland, and Seig—who are state actors and allegedly conspired with Attorney Lalley and some of the other Defendants. As to Borgini, McClelland, and Seig, neither the Complaint nor any of the documents attached thereto indicates that Attorney Lalley was representing these employees. Moreover, in his brief in support of the motion to dismiss, Attorney Lalley states that his clients were the School District and Fadzen. *See* Lalley's Br. in Supp. of Mot. to Dismiss at 6, ECF No. 25. Accordingly, the exception to conspiracy liability in *Hefferan* for attorneys representing state actors does not appear to be applicable to the police officer employees of the School District at this stage of the litigation.

Nonetheless, the actions of Borgini, McClelland, and Seig cannot provide the basis for imposing state actor status on Attorney Lalley. The thrust of the Section 1983 liability claim against the police officer employees is that they conspired with Fadzen, Attorney Bacharach, Attorney Lalley, Union representative Heilman, and the Arbitrator to terminate Plaintiff without just cause through a fraudulent arbitration process. (Compl. ¶12.) Defendants Borgini, McClelland and Seig allegedly participated in this conspiracy by giving false statements at the arbitration proceedings. (Compl. ¶15.)[9] However, because these alleged false statements were made during testimony at the arbitration proceeding, under penalty of perjury, Defendants Borgini, McClelland and Seig are immune from Section 1983 liability, based on these

---
[9]The Complaint also sets forth allegations regarding the conduct of Defendants Borgini, McClelland and Seig with regard to the incident on February 12, 2010 which led to Plaintiff's termination. (Compl. ¶¶4-7,

13

statements, under the witness immunity doctrine. Witnesses are absolutely immune from suit for testifying at trial or before a grand jury, as well as in pretrial proceedings, even if that testimony is false. *See Briscoe v. LaHue,* 460 U.S. 325, 342-46 (1983) (witness who testified in criminal trial had absolute immunity with respect to any claim based on the witness' testimony, even if the testimony was false); *Rehberg v. Paulk,* 132 S.Ct. 1497, 1506 (2012) (grand jury witnesses enjoy the same immunity as witnesses at trial—absolute immunity from any Section 1983 claim based on the witness' testimony); *Kulwicki v. Dawson,* 969 F.2d 1454, 1467 & n. 16 (3d Cir. 1992) (witness at judicial proceeding was absolutely immune for false testimony); *Williams v. Hepting,* 844 F.2d 138, 143 (3d Cir. 1988) (witness was entitled to absolute immunity from civil liability under Section 1983 for perjured testimony at a preliminary hearing and suppression hearings). Moreover, if a witness is immune from Section 1983 liability for testifying falsely at a judicial proceeding, the witness will also be immune for conspiring with others to testify falsely. *See McArdle v. Tronetti,* 961 F.2d 1083, 1085-86 (3d Cir. 1992), *abrogated on other grounds as recognized in Loftus v. SEPTA,* 843 F.Supp. 981, 984 (E.D.Pa. 1994). Therefore, because Plaintiff alleges no other conduct on their part that would give rise to a violation of his due process rights, police officers Borgini, McClelland and Seig are immune from Section 1983 liability.

As the Complaint does not allege that Attorney Lalley interacted with any other state actors to deny Plaintiff due process, Plaintiff cannot show, as a matter of law, that Attorney Lalley meets the state actor requirement to show a plausible Section 1983 claim. Accordingly, the Court recommends that Attorney Lalley's motion to dismiss be granted.

### 2. Whether Plaintiff Was Afforded Due Process

For his final argument, Attorney Lalley submits that as to Singleton's claim for violation

---

18.) However, none of this alleged conduct involved or was attributed to Attorney Lalley in any way.

of his right to due process, it is clear from the Complaint that Singleton was afforded all the due process to which he was entitled. Given the Court's findings as to the required elements of Section 1983 liability, the Court need not reach this argument.

### 3. Leave to Amend the Complaint Would Be Futile

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Given that Plaintiff lacks an arguable basis in the law for his Section 1983 claim against Attorney Lalley, it would be futile to allow Plaintiff to amend his Complaint as to Attorney Lalley. Therefore, this Court is recommending that the Complaint as to Attorney Lalley be dismissed with prejudice.

### D. Conclusion

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Paul Lalley (ECF No. 24) be granted with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

August 24, 2012              BY THE COURT:

                             __/s/ Lisa Pupo Lenihan_____
                             LISA PUPO LENIHAN
                             Chief United States Magistrate Judge

cc: All Counsel of Record
*Via Electronic Mail*

Gerald Singleton, *Pro Se Plaintiff*
5514 Stanton Ave., #4
Pittsburgh, PA 15206
*Via First Class, U.S. Mail*